UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GILA JEAN BURTON-CURL, | CASE NO. C26-1042JLR |
| Plaintiff, | ORDER |
| v. | |
| AMERICAN FEDERATION OF TEACHERS 1789 UNION, et al., | |
| Defendants. | |

## I.    INTRODUCTION

Before the court are (1) *pro se* Plaintiff Gila Jean Burton-Curl's complaint against Defendants American Federation of Teachers 1789 Union ("AFT Union 1789"), AFT Union 1789's Grievance Chair, and Vice Chancellor of Human Resources for the Seattle Colleges District Jennifer Dixon (Compl. (Dkt. # 5)); (2) United States Magistrate Judge Michelle L. Peterson's order granting Ms. Burton-Curl's application to proceed *in forma pauperis* ("IFP") and recommending that this court review the complaint under 28 U.S.C.

ORDER - 1

§ 1915(e)(2) (IFP Order (Dkt. # 4)); and (3) Ms. Burton-Curl's motion for appointment of counsel (Counsel Mot. (Dkt. # 6).)  The court has considered Ms. Burton-Curl's complaint and determined that it fails to state a claim upon which relief can be granted. Accordingly, the court DISMISSES Ms. Burton-Curl's complaint without prejudice and with leave to amend, and DENIES Ms. Burton-Curl's motion to appoint counsel.

## II.   BACKGROUND

Ms. Burton-Curl initiated this action on March 20, 2026.  (*See* IFP Mot. (Dkt. # 1).)  Ms. Burton-Curl alleges that:

> Department of Labor and Justice investigation issued an administrative hearing for the unresolved wage theft claims, prior claims for Nov and Dec. were paid to the Department of Labor.  Outstanding wages $5600.00.  Failure to secure a place of employment – force from employment by a co-worker – Union denied following the CBA to represent plaintiff in workforce reduction.

(Compl. at 7.)  According to Ms. Burton-Curl, the events giving rise to her claims, occurred on "October 5, 2023, December 2024, February 25, 2024, March 10, 2024, ongoing[.]"  (*Id.*)  As relief, she seeks

> Punitive damages $250.000 Million Defendant to pay all court and attorney fees, and to order that no legal argument is to pursue damages.  Restitution for back wages:  $5,600.00 x 36 months = $201,600 K.  Back pay with interest reinstatement, compensatory damages (emotional distress), attorneys' fees and costs, and court fees.  Repay credit card debt for living expenses.

(*Id.* at 8.)

Ms. Burton-Curl attaches to her complaint various documents including an Equal Employment Opportunity ("EEOC") charge against her union, an EEOC right to sue notice dated December 23, 2025, a rebuttal letter regarding an EEOC charge, and a letter

ORDER - 2

from the Washington Department of Labor and Industries  regarding a Washington Minimum Wage Act retaliation complaint.  (*See id.* at 10-27.)  She does not, however, explain the significance of any of these documents in her complaint.

### III.    ANALYSIS

Under 28 U.S.C. § 1915(e), district courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint is "frivolous or malicious," fails to state a claim on which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (clarifying that § 1915(e) applies to all IFP proceedings).  Because Ms. Burton-Curl is a *pro se* plaintiff, the court must construe her pleadings liberally.  *See McGuckin v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992).  Nevertheless, her complaint must still contain factual allegations "enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The court need not accept as true a legal conclusion presented as a factual allegation.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Although Federal Rule of Civil Procedure 8 does not require "detailed factual allegations," it demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Id.* (citing *Twombly*, 550 U.S. at 555) (requiring a plaintiff to "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"); *see* Fed. R. Civ. P. 8(a).

First, Ms. Burton-Curl purports to bring a claim under "S.2101 – Wage Theft Prevention and Wage Recovery Act."  (Compl. at 7.)  The act that Ms. Burton-Curl cites,

ORDER - 3

however, was introduced in the United States Senate in 2019 and was not passed into law.  *See* https://www.congress.gov/bill/116th-congress/senate-bill/2101.  Ms. Burton-Curl cannot bring a claim under a statute that is not in effect.  Accordingly, the court dismisses her wage theft claim under S.2101 with prejudice.

Second, Ms. Burton-Curl purports to bring a 42 U.S.C. § 1983 claim against her union.  (Compl. at 5-7.)  Section 1983 creates a cause of action against "persons" who, acting under color of state law, deprive another of rights guaranteed under the Constitution.  *See* 42 U.S.C. § 1983.  To state a claim for relief under § 1983, Ms. Burton-Curl must plausibly allege that (1) she suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law.  *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  Ms. Burton-Curl fails, however, to satisfy these elements as to any of the Defendants.

Private individuals and entities generally do not act "under color of state law" within the meaning of § 1983, except in rare cases where the plaintiff shows that the private party's "conduct allegedly causing the deprivation of a federal right [was] fairly attributable to the State." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).  Notably, a union does not become a state actor simply by engaging in collective bargaining with a government entity.  *Smith v. Teamsters Local 2010*, No. CV 19-00771-PA (FFMx), 2019 WL 6647935, at *5 (C.D. Cal. Dec. 3, 2019) (citation omitted); *see also Wright v. Serv. Emps. Int'l Union Loc. 503*, 48 F.4th 1112, 1122 (9th Cir. 2022) (holding that union was not a state actor under the joint action and public

ORDER - 4

function tests); *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (holding that union was not a state actor because it acted as the county's adversary in representing county employees).  Here, although Ms. Burton-Curl appears to recognize that a § 1983 claim requires a showing that the defendant acted under color of law, she makes no specific factual allegations from which the court can infer that AFT 1789 Union or its Grievance Chair are state actors under § 1983.  (*See* Compl. at 6 (appearing to quote a § 1983 jury instruction).)

Even if she did plausibly allege that AFT 1789 Union and its Grievance Chair were acting under color of law, Ms. Burton-Curl fails to state a § 1983 claim against those entities or against Ms. Dixon.  Ms. Burton-Curl must allege, for each § 1983 defendant, facts establishing:  (1) the constitutional or statutory right she believes was violated; (2) the name or names of the person, persons, or entity who violated the right; (3) exactly what each individual or entity did or failed to do and when they did or failed to do it; (4) how the action or inaction of each individual or entity is connected to the violation of her constitutional or statutory rights; and (5) what specific injury she suffered because of the individual or entity's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).  Even construing Ms. Burton-Curl's complaint liberally, as it must, the court cannot discern what conduct Ms. Burton-Curl challenges, when that conduct took place, or who engaged in the allegedly unlawful conduct.  Accordingly, the court dismisses Ms. Burton-Curl's § 1983 claims without prejudice and with leave to amend.

Ms. Burton-Curl also seeks appointment of counsel.  (*See* Counsel Mot.)  "[T]here is generally no right to counsel in a civil case."  *Nicholson v. Rushen*, 767 F.2d 1426,

1427 (9th Cir. 1985). "The decision to appoint counsel is left to the sound discretion of the district court." *Johnson v. United States Treasury Dep't*, 27 F.3d 415, 416 (9th Cir. 1994) (citation omitted). "Three factors are relevant to [a] trial court's determination of whether to appoint counsel: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's claim." *Id.* (citation omitted). Because Ms. Burton-Curl has been granted leave to proceed IFP, she satisfies the first factor. However, Ms. Burton-Curl lists only three attempts to obtain counsel (*see* Counsel Mot.), and the court cannot determine, based on Ms. Burton-Curl's sparse complaint, whether she has a meritorious claim. Therefore, the court denies Ms. Burton-Curl's motion to appoint counsel.

## IV.    CONCLUSION

For the foregoing reasons, the court (1) DISMISSES Ms. Burton-Curl's complaint with leave to file an amended complaint that cures the deficiencies identified in this order by no later than **May 7, 2026**,[1] and (2) DENIES Ms. Burton-Curl's motion for appointment of counsel (Dkt. # 6).

Dated this 7th day of April, 2026.

JAMES L. ROBART
United States District Judge

---

[1] Ms. Burton-Curl must include the allegations supporting her claims in her amended complaint; the court will not search through the exhibits to her complaint to identify those facts.

ORDER - 6